UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JACQUELINE A. JAVIER,

 Plaintiff,

v.

CARSON SMITHFIELD, LLC and
MERRICK BANK CORPORATION,

 Defendants.

Case No. 1:20-cv-05074

## COMPLAINT

**NOW COMES** Plaintiff, JACQUELINE A. JAVIER, through undersigned counsel, complaining of Defendants, CARSON SMITHFIELD, LLC and MERRICK BANK CORPORATION as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Carson Smithfield's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.* and Merrick Bank's violation(s) of the automatic stay, 11 U.S.C. § 362.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. JACQUELINE A. JAVIER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 340 Lexington Drive, Romeoville, Illinois 60446.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. CARSON SMITHFIELD, LLC ("Carson Smithfield") is a limited liability company organized and existing under the laws of the state of Delaware.

7. Carson Smithfield has its principal place of business at 101 Crossways Park Drive, Woodbury, New York 11797.

8. Carson Smithfield is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Carson Smithfield uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

10. MERRICK BANK CORPORATION ("Merrick Bank") is a corporation organized and existing under the laws of the state of Utah.

11. Merrick Bank Corporation has its principal place of business at 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095.

**FACTUAL ALLEGATIONS**

12. In April of 2014, Plaintiff applied for a credit card with Merrick Bank.

13. Upon approval, Merrick Bank mailed Plaintiff a credit card.

14. Plaintiff activated this card and began using her card for personal and household expenses.

15. Plaintiff initially made payments to Merrick Bank; however, the payments stopped, and the account went into default.

16. Plaintiff's $3,724.17 account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

17. On June 30, 2020, Plaintiff filed a voluntary petition for relief under Chapter 13, Title 11, United States Code (the "Bankruptcy Code").

18. The schedules filed by Plaintiff included Plaintiff's Merrick Bank account on Schedules E/F: Creditors Who Have Unsecured Claims.

19. On July 3, 2020, the Bankruptcy Noticing Center issued a Certificate of Notice, certifying, under penalty of perjury, that it sent Notice of Chapter 13 Bankruptcy Case by first class mail or electronic transmission to Plaintiff's creditors, including Merrick Bank.

20. Subsequently, Plaintiff's Merrick Bank account was referred for collection.

21. Carson Smithfield mailed Plaintiff a letter dated August 13, 2020, which stated:

> Our File Number: [REDACTED]
> Balance Due: $3,724.17
> Current Creditor: Merrick Bank Corporation
> Original Creditor: Merrick Bank Corporation
> Original Account Number: [REDACTED]
>
> Dear Jacqueline A. Javier,
>
> Merrick Bank Corporation has hired Carson Smithfield, LLC to collect the balance due on your account referenced above. We are authorized to offer you two settlement options to allow you to settle your account for less than the above referenced balance. You may accept either settlement offer by first contacting us as outlined below on or before September 30, 2020 and make the payments as outlined below.
>
> You have three convenient options to make payment:
> - Visit us at www.CSFSolutions.com
> - Call us at 1-877-394-5975 and make your payment over the phone free of charge via ACH (Check by Phone), debit or credit card; or
> - Mail your payment with the voucher below.
>
> Lump Sum (single payment)
> Merrick Bank Corporation will consider your account settled if you make a one-time payment of $2,234.50 (which equals 60.0% of the outstanding balance of $3,724.17) on or before September 30, 2020.
>
> Extended Offer (pay over time)
> Merrick Bank Corporation will consider your account settled if you make payments as follows:
> - Remit your first payment in the amount of $201.73 on or before September 30, 2020 and
> - Then, continue to make monthly payments in the amount of $201.72 each for the next consecutive 11 months. (12 payments total)
> - Accepting the Extended Payment Offer will result in payment of an amount that is greater than what you would pay under the Lump Sum Offer.
>
> You are under no obligation to accept either of these offers. If you do not accept one of these settlement offers, we may attempt to contact you to collect the balance on your

account, less any payments you may have made.

--- Carson Smithfield is not obligated to renew any of the offers listed above ---

\*\*\*

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
Carson Smithfield, LLC 225 W. Station Square Dr., 4th Floor, Pittsburgh, PA 15219
--- The opportunities listed above do not alter or amend your validation rights described below ---

IMPORTANT NOTIFICATION REQUIRED BY FEDERAL LAW – FEDERAL NOTICE

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## DAMAGES

22. The automatic stay is *one of the fundamental debtor protections provided by the bankruptcy laws*. It gives the debtor a breathing spell from her creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the pressures that drove her into bankruptcy.

23. Defendants' unlawful conduct deprived Plaintiff of one of her fundamental rights and led Plaintiff to believe her bankruptcy was for naught, causing anxiety and emotional distress.

24. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

4

## CLAIMS FOR RELIEF

### COUNT I:
### Carson Smithfield's violation(s) of 15 U.S.C. § 1692 *et seq.*

25.  All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

26.  Section 1692e provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.
>
> (2)   The false representation of –
>
>     (A)   the character, amount, or legal status of any debt.
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27.  Carson Smithfield's August 13, 2020 letter to Plaintiff asserted that Plaintiff's debt to Merrick Bank was due and demanded that Plaintiff pay the debt.

28.  But at the time of Carson Smithfield's August 13, 2020 letter, Plaintiff's debt to Merrick Bank was not due because that debt had been included in Plaintiff's Chapter 7 bankruptcy.

29.  It seems clear, then, that Carson Smithfield's August 13, 2020 letter misrepresented the legal status of Plaintiff's debt to Merrick Bank in violation of 15 U.S.C. §§ 1692e(2)(A) and e(10). *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (or discharge injunction), it is not."

**Violation of 15 U.S.C. § 1692f**

30. Section 1692f provides:

   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

   (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

31. The filing of a bankruptcy petition automatically stays "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(6).

32. Carson Smithfield violated 15 U.S.C. § 1692f(1) by attempting to collect debt (Plaintiff's $3,724.17 balance to Merrick Bank) not permitted by law - 11 U.S.C. § 362(a)(6).

33. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

   (1) any actual damage sustained by such person as a result of such failure;

   (2)

       (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

   (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Carson Smithfield violated 15 U.S.C. §§ 1692e(2)(A), e(10) and f(1);

B. award any actual damage sustained by Plaintiff as a result of Carson Smithfield's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## COUNT II:
### Merrick Bank's violation(s) of the automatic stay (11 U.S.C. § 362)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Section 362(a)(6) provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302 or 303 of this title … operates as a stay, applicable to all entities, of –
>
> …
>
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title …

36. The automatic stay becomes effective at the moment a debtor's bankruptcy petition is filed. 11 U.S.C. § 362(a).

37. Once effective, the automatic stay applied to "all entities" and to "any act to collect, assess, or recover" a claim pursuant to § 362(a)(6).

38. The protection afforded by the automatic stay continues until a discharge is granted or denied, or the case is closed or dismissed. 11 U.S.C. § 362(c)(2).

7

39. "The legislative history makes clear that [§ 362(a)(6)] was intended to prevent creditors from harassing debtors after a petition is filed." *NTL Computer Servs. Corp. v. Capital Computer Systems, Inc.*, 755 F.2d 1253, 1257 (6th Cir. 1985) (citing House Report No. 95-595, 95th Cong., 1st Sess. 340-2 (1977); Senate Report No. 95-989, 95th Cong., 2nd Sess. 49-51 (1978).

40. Section 362(h) provides:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

41. The term "willful," while not defined in the Bankruptcy Code, has been interpreted to mean simply acting intentionally and deliberately while knowing of a pending bankruptcy. *See, e.g., Cuffee v. Atlantic Business & Community Dev. Corp.* (*In re Atlantic Business & Community Dev. Corp.*), 901 F.2d 325, 329 (3rd Cir. 1990); *Knaus v. Concordia Lumber Co. Inc.* (*In re Knaus*), 889 F.2d 773, 775 (8th Cir. 1989); *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989).

42. Notice of Plaintiff's Chapter 13 bankruptcy case was sent to Merrick Bank by electronic transmission on July 2, 2020.

43. Merrick Bank, after having notice of Plaintiff's Chapter 13 bankruptcy filing, referred Plaintiff's prepetition obligation to Carson Smithfield for collection.

44. Merrick Bank willfully and flagrantly violated the automatic stay set forth in the Bankruptcy Code.

45. When pre-petition creditors ignore § 362 of the Bankruptcy Code, they do so at their peril.

46. Punitive damages are appropriate to deter a pattern of behavior that ignores the automatic stay.

**WHEREFORE**, Plaintiff requests the following relief:

A.    find that Merrick Bank violated 11 U.S.C. § 362;

B.    award any actual damage sustained by Plaintiff as a result of Merrick Bank's violation pursuant to 11 U.S.C. § 362(h);

C.    award such punitive damages, as the Court may allow, pursuant to 11 U.S.C. § 362(h);

D.    award costs and attorneys' fees as the Court may allow, pursuant to 11 U.S.C. § 362(h); and

E.    award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 28, 2020            Respectfully submitted,

**JACQUELINE A. JAVIER**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com